```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**DEBRA PARDO, ET AL.**              *     **CIVIL ACTION**
                                     *
**VERSUS**                           *     **NO. 10-1562**
                                     *
**MEDTRONIC INC., ET AL.**           *     **SECTION "B"(5)**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 11) and Defendant's opposition thereto (Rec. Doc. No. 16). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED WITHOUT PREJUDICE** to reurge Motion to Remand within **thirty (30) days** after receipt of the decision of the Medical Review Panel ("MRP").

**IT IS FURTHER ORDERED** that the captioned action shall be administratively closed for **thirty (30) days,** for statistical purposes only, without prejudice to the parties' right to file a motion to reopen <u>provided</u> said motion is filed within **thirty (30) days** of the receipt of the MRP's decision. Failure to timely file the motion to reopen may cause dismissal of this action without further notice.

The issue before the Court is whether Dr. Elkersh has been properly joined so as to destroy this Court's subject matter jurisdiction and thus, warrant remand. "Fraudulent [or improper]

joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Defendants do not dispute that Dr. Elkersh is a Louisiana resident as plead in Plaintiffs' Original Petition and therefore the Court's analysis should focus on the second test. In order to show joinder was improper under this test, the defendant must demonstrate that "there is no possibility of recovery by the plaintiff against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The Fifth Circuit has stated that in conducting an inquiry as to whether a plaintiff has a reasonable basis of recovery under state law, the court may utilize a Rule 12(b)(6) type analysis. *Id.* However, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* Accepting all well-pleaded facts as true and in favor of plaintiff, if the defendant can show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant, then joinder is improper. *Travis*, 326 F.3d at 648.

Louisiana's Medical Malpractice Act ("MMA") provides an administrative procedure requiring all medical malpractice claims

against covered health care providers to be submitted to a medical review panel prior to filing suit in district court. La. R.S. 40:1299.47(B)(1)(a)(i). A health care provider under the MMA includes any person licensed or certified as a physician in this state. La. R.S. 40:1299.41(A)(10). Louisiana courts have held that the lack of informed consent is unintentional negligence and is subject to the provisions of the MMA. *Hodge v. Lafayette Gen. Hosp.*, 399 So.2d 744, 746 (La.App. 3 Cir. 1981). Accordingly, any claim of lack of informed consent is subject to review by a medical review panel prior to the filing of suit in any district court.

Plaintiffs assert that they have complied with state law by timely filing a Petition for Medical Review Panel pursuant to the MMA. (Rec. Doc. No. 11). The purpose of the MMA's administrative procedure requiring all medical malpractice claims to be submitted to a medical review panel prior to filing suit in district court is to afford the panel an opportunity to render its expert opinion on the merits of the complaint. *Hidalgo v. Wilson Certified Exp., Inc.*, 94 1322, *4 (La. App. 1 Cir. 5/14/96); 676 So.2d 114, 117. Plaintiffs' filing of a Petition for Medical Review Board was submitted April 20, 2010 and there has been no factual showing that the medical review panel has issued, as of this date, any findings in this matter. Merely filing a
Petition for Medical Review Panel does not satisfy the requirements of the MMA and therefore Plaintiffs have failed to exhaust all

3

administrative remedies as a prerequisite to maintaining suit against Dr. Elkersh.

The Fifth Circuit has recently held that where a plaintiff has failed to satisfy the statutory requirements before filing suits against certain defendants, those defendants are improperly joined. *See Holder v. Abbott Labs., Inc.*, 444 F.3d 383 (5th Cir. 2006); *Melder v. Allstate Corp.*, 404 F.3d 328 (5th Cir. 2005). While Ms. Pardo may have a viable claim against Dr. Elkersh, at this time her claim is premature. Importantly, there is no basis to conclude that his joinder was done for fraudulent purposes.

New Orleans, Louisiana this 26th day of October, 2010.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE